# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

December 4, 2009


Howard Brookman
145 Springfield Road
Elizabeth, New Jersey 07208
  (*Attorney for Plaintiffs*)

Richard H. Bauch
Bauch Zucker Hatfield LLC
871 Mountain Avenue
Suite 200
Springfield, New Jersey 07081
  (*Attorney for Defendant Township of
  Hillside*)

Nomi I. Lowy
Thomas Joseph Cafferty
Scarinci Hollenbeck
1100 Valley Brook Avenue
P.O. Box 790
Lyndhurst, New Jersey 07071
  (*Attorney for Defendant Worrall
  Community Newspapers*)

William T. Donegan
Union County Counsel
Administration Building
Elizabeth, New Jersey 07207
  (*Attorney for Defendant County of
  Union*)


Robert F. Varady
La Corte, Bundy, Varady & Kinsella,
Esqs.
989 Bonnel Court
Union, New Jersey 07083
  (*Attorney for Defendants Union County
  Prosecutor's Office & Township of
  Hillside*)


    RE:    Brookman, et al. v. Twp. of Hillside, et al.
             **Civ. No. 09-2178 (WJM)**

Dear Counsel:

This is a civil rights action brought by Howard, Barbara, and Jeffrey Brookman against various law enforcement, governmental, and media defendants under 42 U.S.C. §§ 1983 and 1985 and the New Jersey Law Against Discrimination. In their complaint, plaintiffs allege a variety of counts, ranging from false arrest and fabrication of evidence to libel.

There are three motions presently before the court: (1) the law enforcement defendants[1] move to stay this matter, given the pending criminal prosecution of the Brookmans; (2) Union County moves to dismiss the counts asserted against it, alleging that it cannot be held vicariously liable for actions allegedly taken by county employees; and (3) the newspaper defendants[2] move to dismiss the libel and intentional infliction of emotional distress counts against them on procedural grounds. For the reasons that follow, these motions are granted in part and denied in part.

I.  **BACKGROUND**

  A.  Facts

This case stems from the arrest of Howard, Barbara, and Jeffrey Brookman by the Hillside Police Department on May 9, 2007. Prior to the arrest, plaintiff Barbara Brookman called an ambulance on behalf of a ninety-two year-old woman in her home. At some point after the ambulance was called, Hillside police arrived and arrested Barbara Brookman, charging her with elder neglect and resisting arrest. Barbara Brookman's two sons, Jeffrey and Howard, were also arrested. Jeffrey was charged with elder neglect, and Howard was charged with obstruction and hindering prosecution. *See* Compl. ¶ 26.

The Hillside chief of police then allegedly issued a press release about the arrest. The following week, the local newspaper, the Union Leader, ran an article about the

---

[1] The "law enforcement defendants" are the Union County Prosecutor's Office, Assistant Prosecutor David P. Schneider, Assistant Prosecutor Albert Cernadas, Jr., Assistant Prosecutor Joshua F. McMahon, the Township of Hillside, the Hillside Police Department, Chief of Police Robert Quinlan, Detective Lieutenant Matthew Ross, Sergeant Matthew Cove, Officer Cosimo Tripoli, Officer Javier De La Torre, and Genevieve Deo.

[2] The "newspaper defendants" are Worrall Community Newspapers, Inc., Toniann Antonelli, and Raymond Worrall.

Brookmans, entitled "Hillside Police Charge Three with Neglecting Elderly Woman." This article also appeared on the paper's website.

While Jeffrey's charges subsequently were dismissed, the criminal prosecution of Howard and Barbara Brookman is ongoing. *See* Pls.' Aug. 24, 2009 Letter Br. 8. Howard remains charged with obstruction, while Barbara faces elderly neglect and resisting arrest counts. *Id.* at 9.

B.   Procedural History

On May 9, 2008, Howard Brookman[3] filed a complaint in the New Jersey Superior Court. This complaint contained, *inter alia*, the following counts pertaining to the newspaper defendants – libel per se, invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress. *See* Newspaper Defs.' Br. Ex. A (copy of Howard Brookman's state complaint).

This state complaint was dismissed without prejudice by the Superior Court on March 13, 2009, pursuant to R. 4:23-2(b).[4] *See* Newspaper Defs.' Br. Ex. B (copy of Judge Anzaldi's March 13, 2009 order). In this order, the state judge granted Howard Brookman ninety days to "cure each of his discovery violations." *Id.* If Brookman failed to do so, the court stated that his complaint would be dismissed with prejudice on motion by defendants. Brookman filed a motion for reconsideration, which was denied on May 1, 2009. *See* Newspaper Defs.' Br. Ex. C (copy of Judge Anzaldi's May 1, 2009 order). The May 1, 2009 order denying reconsideration noted that Brookman could move to have the complaint restored after "purg[ing] himself of the discovery deficiencies." *Id.*

On April 30, 2009, Brookman provided certain responses to defendants' discovery requests. *See* Newspaper Defs.' Br. 4; Brookman's Aug. 24, 2009 Letter Br. 11. Brookman then filed the instant complaint in this Court on May 8, 2009. This federal complaint adds Jeffrey and Barbara Brookman as plaintiffs, and also asserts several new civil rights counts against the law enforcement defendants and Union County. Notably, however, the federal complaint states identical causes of action against the newspaper defendants.

In the interim, Howard Brookman continued to pursue his action in state court. On June 10, 2009 – one month after filing the federal complaint before this court –

---

[3] Only Howard Brookman was named as a plaintiff in the New Jersey Superior Court action.

[4] R. 4:23-2 is entitled "Failure to Comply with Order."

Brookman filed a motion to reinstate his state court complaint. *See* Newspaper Defs.' Br. 5. This motion was apparently denied, as the state court judge granted defendants' motion to dismiss the complaint with prejudice pursuant to R. 4:23-5[5] on July 17, 2009. *See* Newspaper Defs.' Reply Br. 1-2; Brookman's Aug. 24, 2009 Letter Br. 11.

## II.   DISCUSSION

The instant motions pertain to the May 8, 2009 action filed by Howard, Jeffrey, and Barbara Brookman in this Court. As noted, *supra*, there are three motions pending: (1) a motion to stay filed by the law enforcement defendants; (2) a pre-answer motion to dismiss filed by Union County; and (3) a motion to dismiss filed by the newspaper defendants. Each motion will be considered in turn.

### A.   Law Enforcement Defendants' Motion to Stay

The law enforcement defendants request that this Court stay all proceedings in this matter pending disposition of Howard and Barbara Brookman's criminal charges. This request is granted in part.

A Section 1983 claim alleging a wrongful arrest or conviction is not cognizable until the charges underlying the arrest or conviction are resolved in plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) ("[A] claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."). The claims asserted against the law enforcement defendants – i.e. false arrest, concealment of evidence, fabrication of evidence, conspiracy, and spoliation of evidence – attack the validity of the Brookmans' arrest and prosecution. Since the criminal prosecution of the Brookmans is ongoing, these claims are not cognizable at this time. Accordingly, the law enforcement defendants' motion to stay is granted as to the claims asserted against them.

Conversely, the claims asserted against the newspaper defendants, if successful, would not imply the invalidity the Brookmans' criminal charges or the underlying arrest. *See Holtz*, 87 F.3d at 113. Instead, the conduct asserted in the libel and defamation counts against the newspaper defendants occurred days after the arrest, with the publication of articles online and in the Union Leader newspaper. Beyond this, the newspaper defendants currently move for dismissal based on the statute of limitations, which requires no analysis of the underlying prosecution. As such, the Court will consider the newspaper defendants' pending motion to dismiss below.

---

[5] R. 4:23-5 is captioned "Failure to Make Discovery."

4

In addition, the Court will consider the motion to dismiss filed by Union County, since the County's motion similarly raises bases for dismissal that require no examination of the underlying arrest or prosecution.

### B. Union County's Motion to Dismiss

Union County brings its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that there are no factual allegations in the complaint to support any claim for relief against the County.[6]  Specifically, Union County notes that the complaint asserts no facts demonstrating tortious conduct by the County itself.  Plaintiffs instead appear to premise liability on a respondeat superior theory. *See* Pls.' Aug. 24, 2009 Letter Br. 10 ("The Union County Prosecutor and his Assistant Prosecutors are County employees. ... The Union County Prosecutor's Office is therefore answerable to the County and Union County's effort to divorce itself from its own Prosecutor's Office should be denied.").  Thus, Plaintiffs seek to hold the County liable for the actions of the Prosecutor's Office and the Assistant Prosecutors in connection with the investigation and prosecution of the Brookmans' criminal case.  *See* Compl. Counts Four (malicious prosecution), Five (concealment of evidence), Six (fabrication of evidence), and Seven (conspiracy and obstruction of justice).

As a threshold matter, vicarious liability is inapplicable in the Section 1983 context, as "a defendant in a [§ 1983] action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997) (recognizing that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor") (citing *Monell v. New York City Dep't Soc. Serv.*, 436 U.S. 658, 690-94 (1978).  Here, Plaintiffs do not allege that the County itself engaged in any tortious acts; instead, it seeks to hold the County liable as the employer of the Union County Prosecutor and Assistant Prosecutors.  This is impermissible under Section 1983.

Even if a respondeat superior action could be maintained under Section 1983, the New Jersey Supreme Court has held that a county cannot be held vicariously liable for the actions of the county prosecutor's office, where, as here, the tortious conduct alleged arose out of its investigatory and prosecutorial functions. *See Wright v. State*, 169 N.J. 422, 778 A.2d 443, 462 (2001) (noting that "a county cannot be held vicariously liable for the actions of prosecutorial defendants related to the investigation and enforcement of the criminal laws of the State."); *see also Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir.

---

[6] Plaintiffs contend that Union County's pre-answer motion to dismiss was filed out-of-time; however, defendant Union County applied for and received an extension in the time to answer.  (Docket No. 6).  As such, its pre-answer motion to dismiss was timely filed.

5

1996). Instead, "when county prosecutors and their subordinates act in their law enforcement/investigatory capacity, they act as 'agents' and 'officers' of the State, qualifying as State employees under N.J.S.A. 59:1-3 for the purpose of determining vicarious liability." *Wright*, 778 A.2d at 462. As such, vicarious liability is unavailing against Union County, since it is not the proper named party in this action.[7] Accordingly, Union County's motion to dismiss is granted.

    C.    <u>Newspaper Defendants' Motion to Dismiss</u>

The newspaper defendants seek dismissal under Fed. R. Civ. P. 12(b)(6) of the counts asserted against them – Counts One, Two, and Three (libel per se and slander), Ten (invasion of privacy – false light), Thirteen (intentional infliction of emotional distress), and Fourteen (negligent infliction of emotional distress). In their motion, the newspaper defendants argue that dismissal is warranted because these claims are barred by the statute of limitations. For the reasons that follow, the Court agrees.

    *1.*    *Libel Claims*

Plaintiffs Howard, Jeffrey, and Barbara Brookman assert libel per se claims in Counts One, Two, and Three of the complaint. As noted above, the allegedly defamatory statements giving rise to these counts were made in the online and print editions of the Union Leader in May 2007. Since the statute of limitations in New Jersey for libel actions is one year, *see* N.J.S.A. 2A:14-3, the libel per se claims asserted in plaintiffs' May 2009 federal complaint are clearly out-of-time.

---

[7] Based on the New Jersey Supreme Court's reasoning in *Wright*, the proper party to be named vicariously in this instance would appear to be the State of New Jersey, not the County of Union. It bears noting, however, that an action against the State of New Jersey would be barred under these facts by the Eleventh Amendment. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 70-71 (noting that a State cannot be a "person" within the meaning of § 1983 and therefore cannot be sued under that statute, in part because it "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity."). To waive immunity, the state must unequivocally consent to suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Court finding no such waiver in the record of this matter, it appears that this action cannot be brought against the State in federal court.

6

Further, the pendency of Howard Brookman's state complaint[8] does not toll the statute of limitations as to the libel claims asserted in his name before this Court. Counts One, Two, and Three of the federal complaint are identical to counts asserted by Howard Brookman alone in the state complaint.[9] This state complaint has been dismissed by the Superior Court, first without prejudice and then with prejudice due to the state judge's determination that Howard Brookman did not comply with certain discovery requirements. This dismissal of Brookman's state court action prohibits this Court from tolling the statute of limitations for Howard Brookman's claims against the newspaper defendants.

The general rule is that the "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005). This general rule is subject to exception, notably:

> "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those conditions."

*Id.* at 607. Thus, tolling the statute of limitations following the dismissal of an action without prejudice hinges on whether the order of dismissal provided conditions for reinstatement of the action. If the dismissal was conditional and plaintiff complied with the conditions, the statute of limitations should be tolled. Otherwise, no toll should be applied.

Here, Howard Brookman's timely-filed state complaint was dismissed with prejudice when he filed the instant federal action. As such, under the general rule, the statute of limitations would not be tolled; however, in this instance, the Court must consider the exception put forth in *Brennan* since the state court dismissal was subject to

---

[8] Jeffrey and Barbara Brookman were not parties to the state complaint. Their claims against the newspaper defendants are raised for the first time in this federal complaint and are dismissed as untimely for the reasons noted above.

[9] Howard Brookman states in his briefing that "the federal complaint contains a count not included in the state court complaint, the defamatory allegation that Mrs. Brookman's house was 'squalid.'" *See* Pls.' Aug. 24, 2009 Letter Br. 12. If construed as a new count, plaintiff Howard Brookman's representation that this claim was raised for the first time in May 2009 evinces its untimely nature. This claim was filed two years after the cause of action accrued, placing it outside the one-year statute of limitations. *See* N.J.S.A. 2A:14-3.

conditions. Specifically, the order of dismissal without prejudice stated that Howard Brookman had ninety days to "cure each of his discovery violations." *See* Newspaper Defs.' Br. Ex. B (copy of Judge Anzaldi's March 13, 2009 order). If Howard Brookman complied with these conditions, the state court would grant him leave to move for restoration of his action. *See* Newspaper Defs.' Br. Ex. C (copy of Judge Anzaldi's May 1, 2009 order). As the procedural history of Brookman's state action demonstrates, he did not comply with the state judge's conditions. Instead, Howard Brookman's state complaint was dismissed with prejudice on July 17, 2009, pursuant to R. 4:23-5 ("Failure to Make Discovery").

Since Howard Brookman did not comply with the state court's conditions for reinstatement, this court cannot toll the statute of limitations so to construe his duplicative federal libel claims as timely-filed. While plaintiff Howard Brookman invites the Court in his papers to review the state judge's handling of the discovery matter and subsequent dismissal with prejudice, this Court declines to do so. Any recourse available to plaintiff Howard Brookman regarding the dismissal of his state complaint lies in the state courts.

Finally, it bears noting that under certain circumstances, equitable tolling of the statute of limitations may be appropriate and may bring otherwise time-barred activity under the court's consideration. For instance, equitable tolling may be permitted "when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending or where the court has misled the plaintiff into believing that she had done everything required of her," or when plaintiff "in some extraordinary way" was prevented from asserting her rights. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999). None of these bases for equitable tolling is present here. Nothing in the filings persuades the Court that Plaintiffs were prevented by Defendants or by this Court from asserting their rights on a timely basis before this tribunal. As such, equitable tolling will not be applied.

For the foregoing reasons, Counts One, Two, and Three as asserted by plaintiffs Howard, Jeffrey, and Barbara Brookman are dismissed as to the newspaper defendants.

  2.  *Remaining Tort Claims Asserted Against Newspaper Defendants*

There are three remaining claims asserted against the newspaper defendants. Count Ten – invasion of privacy – is put forth only by plaintiff Howard Brookman. Counts Thirteen and Fourteen – intentional infliction of emotional distress and negligent infliction of emotional distress – are asserted by all three plaintiffs. For the reasons that follow, each of these counts are dismissed as time-barred.

Count Ten asserts a false light invasion of privacy claim that relies upon the same allegations as those put forth in the libel counts described above. Where a plaintiff premises a false light action on same grounds as a defamation action, the statute of limitations for the false light claim is one year. *See Swan v. Boardwalk Regency Corp.*, 407 N.J. Super. 108, 121-23, 969 A.2d 1145, 1154-55 (N.J. Super. Ct. App. Div. 2009) (stating that false light claims held to defamation statute of limitations when pled together and based on same statements). Plaintiff Howard Brookman brought the instant false light claim in May 2009 – two years after the cause of action accrued. Since the statute of limitations is not tolled, *see* Point II.C.1, *supra*, Count Ten is dismissed as untimely.

Counts Thirteen and Fourteen are dismissed on the same grounds. Plaintiffs bring intentional infliction and negligent infliction of emotional distress claims against the newspaper defendants based on their publication of articles concerning their arrests. These claims, like the false light claim, are pled together with the libel counts and are based on the same statements. As such, the one-year statute of limitations applicable to the libel counts is again applicable here to the emotional distress claims. *See Botts v. New York Times Co.*, Civ. No. 03-1582, 2003 WL 23162315, at *8 (D.N.J. Aug. 29, 2003) (deeming statute of limitations for an emotional distress claim to be one year since emotional distress predicated on defamatory acts). Since the emotional distress claims were brought two years after the publication of the allegedly defamatory statements, Counts Thirteen and Fourteen are dismissed as untimely.

### III.   CONCLUSION

In conclusion, the law enforcement defendants' motion for a stay is **GRANTED** as to those counts asserted against them – Counts Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen. Further, the motions to dismiss filed by the newspaper defendants and defendant Union County are **GRANTED**. Accordingly, Counts One, Two, Three, Ten, Thirteen, and Fourteen are dismissed as to the newspaper defendants, and all counts asserted against defendant Union County are dismissed.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**