# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARBARA BROOKMAN**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **TOWNSHIP OF HILLSIDE**, *et al.*, <br><br> Defendants. | Civ. No. 2:09-cv-2178 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This civil rights action arose from the May 2007 arrest of Barbara Brookman and her two sons, Howard and Jeffrey, for elder neglect. Because Barbara's claims for false arrest and malicious prosecution require that criminal proceedings against her are decided in her favor, the Court previously stayed the entire action in December 2009. The Court's August 2012 continuance of the stay directed Plaintiffs to notify the Court when Barbara's criminal appeal was decided. On August 14, 2017, after being notified by Defendants that Barbara's appeal was denied in July 2014, the Court dismissed the entire action with prejudice. The action now comes before the Court on Plaintiffs' motion for reconsideration. *See* Fed. R. Civ. P. 4(a)(4). Because Plaintiffs are *pro se* and did not have an opportunity to object to dismissal with prejudice, the motion for reconsideration is **GRANTED in part**.

## I. BACKGROUND

According to the complaint, Plaintiffs were arrested without probable cause in Barbara's home by the Hillside Police Department on May 9, 2007. Barbara was charged and ultimately convicted of elder neglect. Howard was arrested for attempting to physically interfere with the arrest of his mother. He entered a pre-trial intervention program. Charges against Jeffrey for elder neglect were filed but later dismissed.

All three Plaintiffs bring claims for false arrest and malicious prosecution. Barbara alleges that the officer who drove her home from the police station used excessive force by subjecting her to a "Freddie-Gray style 'rough ride.'" In addition, Plaintiffs invoke a New

1

Jersey discrimination statute and claim that officers made anti-Semitic comments and ripped Mezuzahs[1] from the doorposts of Barbara's home. Compl. ¶ 6.

In its initial assessment of the action, the Court noted that Plaintiffs claims for false arrest and malicious prosecution could succeed only if the criminal prosecution against them failed. This case was therefore stayed on December 4, 2009, pending the outcome of Barbara's criminal action. The stay applied to all claims—even those which did not depend on the outcome of Barbara's trial—because of the "substantial factual overlap between Barbara's criminal conviction and Howard, Barbara, and Jeffrey's civil claims." Order of Aug. 14, 2012, ¶ 13. Barbara was convicted of elder neglect and resisting arrest in February 2012. The Court nonetheless granted a continuance of the stay pending the outcome of Barbara's appeal of her conviction. The Order directed Plaintiffs to notify the Court within thirty days of the resolution of Barbara's appeal.

The case remained inactive until August 9, 2017, when counsel for Defendants requested by an electronically-filed letter that the Court dismiss the action with prejudice. The letter explained, "[w]e have learned that on July 14, 2014, over three years ago, Barbara Brookman's appeal was dismissed." ECF No. 36. In short, Plaintiffs failed to comply with the terms of the August 14, 2012, Order requiring them to notify the Court when Barbara's appeal was resolved. The Court dismissed the entire action with prejudice by Order of August 15, 2017. On September 12, 2017, Plaintiffs filed the instant motion for reconsideration.[2]

## II. DISCUSSION

On August 9, 2017, Defendants filed a letter advising the Court that Barbara Brookman's criminal appeal had been dismissed on July 14, 2014, and requesting that the entire action be dismissed with prejudice for failure to prosecute. The Court dismissed the complaint in its entirety with prejudice on August 15, 2017.[3] Plaintiffs move for reconsideration on the following grounds. *See* Fed. R. Civ. P. 4(a)(4). Although Barbara's claims for false arrest and malicious prosecution were appropriately dismissed with prejudice, the Court now vacates the dismissal for the claims that did not depend on the resolution of criminal proceedings against Barbara.

---

[1] Mezuzahs are small cases containing religious scripture that are traditionally fastened to doorframes of Jewish homes.

[2] Defendants did not file an opposition to the motion for reconsideration. On September 15, 2017, Plaintiffs filed a notice of appeal as to the August 15 Order. On September 26, 2017, the Third Circuit ordered that the appeal be stayed pending the resolution of Plaintiffs' motion for reconsideration.

[3] Rule 41(b) provides that a court may dismiss an action for failure to prosecute or to comply with a court order. Fed R. Civ. P. 41(b).

### A. Barbara's Claims for False Arrest and Malicious Prosecution

This action was stayed in 2009 because the claims for false arrest and malicious prosecution require termination of criminal proceedings in favor of the accused. *Heck v. Humphrey*, 512 U.S. 477, 485 (1994). Plaintiffs argue that Barbara's appeal has not been disposed of within the meaning of the Court's August 14, 2012 Order, because following the denial of her direct appeal Barbara filed a post-conviction challenge that is still pending in state court. Plaintiffs' interpretation of the Order is misguided. By ordering that Plaintiffs notify the Court "within thirty (30) days of the resolution of Barbara's appeal of her criminal conviction," the Court was specifically referring to Barbara's then-pending direct appeal. The Court plainly did not intend to stay prosecution of the federal action until Plaintiffs exhausted all conceivable state court channels for post-conviction relief. By failing to notify the Court within 30 days of the Superior Court's July 10, 2014, Order dismissing the appeal of Barbara's criminal conviction, Plaintiffs defied this Court's August 14, 2012, Order. Because Barbara's conviction stands, her claims for false arrest and malicious prosecution fail as a matter of law. By the terms of the August 14, 2012, Order, the stay has been lifted and Barbara's claims for false arrest and malicious prosecution were appropriately dismissed with prejudice. There is no reason at this time to disturb that holding.

### B. All Other Claims

Plaintiffs have a more compelling argument with respect to those claims unaffected by the resolution of criminal proceedings against Barbara. Plaintiffs explain that, as *pro se* litigants, they lack access to the Court's electronic filing system and thus were not notified that the Court was considering dismissal with prejudice of the entire complaint. Plaintiffs insist that they would have opposed dismissal had they been given the opportunity. Although the Court has broad discretion to dismiss claims that are not diligently prosecuted, parties are usually given notice that a court is preparing to dismiss an action with prejudice. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008). *Noble v. U.S. Postal Service*, 71 Fed. Appx. 69 (D.C. Cir. 2003). At the time of the August 15, 2017 Order, the Court was unaware that Plaintiffs had not been notified of Defendants' motion. Plaintiffs are permitted to prosecute the remaining claims, which include Barbara's excessive force claim, Howard's claim for false arrest and hindering prosecution, Jeffrey's claim for false arrest, and Plaintiffs' state discrimination claims.[4]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration of the Court's dismissal with prejudice of the complaint is **GRANTED in part**. The motion is **DENIED** with respect to Barbara Brookman's claims for malicious prosecution and false arrest. The

---

[4] Plaintiffs, of course, must show that criminal proceedings against Howard and Jeffrey were resolved in their favor before bringing claims for false arrest or malicious prosecution.

motion is **GRANTED** with respect to all other claims, which are reinstated pursuant to the order accompanying this opinion.

                                              /s/ William J. Martini
                                    **WILLIAM J. MARTINI, U.S.D.J.**

**October 24, 2017**