UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARBARA BROOKMAN,** *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> **TOWNSHIP OF HILLSIDE,** *et al.,* <br><br> Defendants. | Civil Action No. 09-2178 (WJM) <br><br><br> **OPINION** |

**FALK, U.S.M.J.**

This matter comes before the Court upon Plaintiffs' motion for leave to amend their Complaint. (CM/ECF No. 60.) The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **denied**.

## BACKGROUND

*A. Factual and Procedural History*

This civil rights action arises out of the arrest of Barbara Brookman and her two sons, Howard and Jeffrey Brookman (collectively "Plaintiffs") by the Defendant Hillside Police Department ("Hillside PD") on May 9, 2007. According to Plaintiffs, Barbara Brookman called an ambulance on behalf of a 92 year-old woman in her home. At some point after the ambulance was called, police officers from Hillside PD arrived at the home and arrested Plaintiffs. Barbara was charged and ultimately convicted of elder neglect.

Howard was arrested for attempting to interfere with Barbara's arrest; he entered a pre-trial intervention program. Charges against Jeffrey for elder neglect were filed but later dismissed.

On May 8, 2009, Plaintiffs filed a civil rights Complaint alleging that they were arrested without probable cause against several law enforcement and governmental defendants including the Township of Hillside, its Police Department, several of its officers[1] ("Hillside Defendants") and the Union County Prosecutor's Office ("Prosecutor's Office")[2] asserting violations of 42 U.S.C. §§ 1983 and 1985 and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. On December 4, 2009, the Court stayed the case upon a finding that resolution of Barbara and Howard Brookman's claims first required a disposition of the then-pending criminal charges against them. (CM/ECF No. 27.) Ms. Brookman was convicted of elder abuse and subsequently appealed her conviction. The Court entered an Order on June 6, 2012, continuing the stay during the appeal of the criminal conviction.

On August 14, 2017, after the Hillside Defendants notified the Court that Mrs. Brookman's appeal had been dismissed three years earlier in July 2014, the Court dismissed the action with prejudice. (CM/ECF No. 38.) Plaintiffs filed an application for

---

[1]The officers include Chief of Police Robert Quinlan, Detective Lieutenant Matthew Ross, Sergeant Matthew Cove, Officer Cosimo Tripoli, and Officer Javier De La Torre. Genevieve Deo, the records clerk for the Hillside PD, is also a defendant.

[2]Assistant Prosecutor David P. Schneider, Assistant Prosecutor Albert Cernadas, Jr., and Assistant Prosecutor Joshua F. McMahon were named as defendants.

reconsideration on August 30, 2017.  (CM/ECF No. 39.)  On October 24, 2017, the Court denied the reconsideration motion with respect to Mrs. Brookman's claims for malicious prosecution and false arrest and granted the motion with respect to other claims, which were reinstated and the case was no longer stayed.[3]  (CM/ECF No. 46.)

On February 2, 2018, the parties appeared for a discovery conference following which the Court entered an Order pursuant to which discovery was set to close July 2, 2018, and any motions to amend pleadings were to be filed by March 9, 2018.  (CM/ECF No. 57.)  On March 10, 2018, Plaintiffs moved to amend their Complaint.

## B. *Motion to Amend the Complaint*

Plaintiffs' motion to amend their Complaint has two aspects to it.  First, they seek to name two Hillside Police Officers, Lashonda Burgess and Quiana Brown, as two of the officers named in the original 2009 Complaint as John and Jane Does 1-10.  These officers were allegedly involved in the arrest in 2007, eleven years before Plaintiffs moved to amend.

The second aspect of the proposed amendment attempts to name two New Jersey Superior Court judges, a judge's clerk, the prosecutor in Mrs. Brookman's criminal trial, and one of Mrs. Brookman's former lawyers, for alleged wrongs committed against her during her criminal trial, which appears to have occurred in 2012 or before.  Specifically, she seeks to add Hon. Stuart Peim, J.S.C., his court clerk, Gail Ferranti, Hon. John F. Malone, J.S.C. (Ret.), Richard Lehrich, Mrs. Brookman's former attorney, and Robert

---

[3]The Order provided that Howard and Jeffrey show that the criminal proceedings against them were resolved in their favor before bringing claims for false arrest or malicious prosecution. (CM/ECF No. 46, at 3, n. 4.)

Rosenthal, Assistant Union County Prosecutor.[4]

## DISCUSSION

*A. Legal Standard for Amendment*

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a).[5] Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. Foman v. Davis, 371 U.S. 178, 182 (1962). The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).

The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)).

---

[4]Plaintiffs' Notice of Motion only names seven proposed defendants; it further states that Plaintiffs seek to add "others" as defendants, although they are not identified by name. (CM/ECF no. 60.)

[5]Motions seeking to amend after a deadline in a scheduling order are also subject to a higher "good cause" standard set forth in Rule 16. Although the motion to amend was filed one day later than the deadline, the Court believes the Rule 15 standard is appropriate here.

4

## B. *Leave to Amend Should be Denied*

Plaintiffs' motion to amend is denied in its entirety for the following overarching reasons set forth below. Most importantly, there has been extreme unexplained delay as to all proposed amendments which has resulted in unfair prejudice to the parties. It is rather straightforward. The incident from which the claims derive occurred in 2007, eleven years ago. Plaintiffs' papers provide virtually no explanation for the delay in seeking to amend, and certainly no legitimate explanation.

The prejudice is also obvious. The existing parties have a right to have the case against them determined in a reasonable time frame. Adding new parties and claims would require discovery, would likely involve motion practice, and would no doubt delay proceedings substantially. With the passing of so much time, memories fade, access to sources of proof become impaired and justice suffers. The Court is cognizant of the generally liberal standard of allowing amendment of pleadings; however, in the absence of some legitimate reason, it would be unfair to allow further amendment at this time.

It should also be noted that there are numerous other problems with the proposed amendments, most of which are specific to the two groups of proposed new parties and claims. They will be addressed briefly below.

### (i) Officer Lashonda Burgess and Officer Quiana Brown

Plaintiffs seek to amend the Complaint to substitute two Hillside police officers, Officer Lashonda Burgess and Officer Quiana Brown, for the "John & Jane Doe 1-10" officers named in the Complaint. Plaintiffs contend that they did not know the names of these officers until a year ago when they saw two unrelated news articles identifying

them. Hillside Defendants object to the amendment arguing undue delay and prejudice. Specifically, Defendants argue that Plaintiffs fail to explain why it took them so long to discover the officers' identities.

Plaintiffs may name a defendant using a fictitious name, e.g. John Doe; Jane Doe when the defendant's true name is unknown to them, provided there is an appropriate description sufficient for identification. See New Jersey Court Rule 4:26-4; Constantino v. City of Atlantic City, No. 13-6667, 2014 WL 6474076, *4 (D.N.J. Nov. 19, 2014) (citing Rutkowski v. Liberty Mut. Ins. Co., 209 N.J. Super. 140, 146 (App. Div. 1986)). The description must provide at least enough detail to form a basis for the unknown party's responsibility in the underlying transaction and state in general terms the cause of action asserted against them. See Vivianno v. CBS, Inc., 101 N.J. 538, 555 (1986). "Plaintiff shall on motion, . . . amend the complaint to state defendant's true name." N.J.R. 4:26-4. This is to be done as promptly as possible. The Doe descriptions in the original complaint appear to be specific enough to name a defendant under the fictitious party rule.

A plaintiff may amend his pleading to substitute the name of a defendant for the fictitious designation "*only* if the plaintiff exercised due diligence to ascertain the defendant's true name *before and after* filing the complaint." DiRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004) (emphasis added); see also Mears v. Sandoz Pharm, Inc., 300 N.J.Super. 622, 632 (App.Div. 1997) (the fictitious name rule may be used only if a defendant's true name cannot be ascertained by the exercise of due diligence prior to filing the complaint); see also Farrell v. Votator Div. of Chemetron

6

Corp., 62 N.J. 111, 120 (1973) (to be entitled to the benefit of the fictitious party rule, a plaintiff must proceed with due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint). Whether a plaintiff may avail himself of Rule 4:26-4 turns on three factors: (1) whether plaintiff exercised due diligence in identifying the proposed defendants; (2) whether the lapse of time has prejudiced the proposed defendants; and (3) whether plaintiff acted with due diligence in substituting the proposed defendants once they were identified. See Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272, 277 (3d Cir. 2004).

The claims against the Doe Defendants arise from the same incident in 2007. Plaintiffs offer no explanation for why they could not discover the identities of these parties before they filed their complaint or in the succeeding decade. They do not provide any showing of diligence to learn their identities, or any effort to do so. For example, they could have contacted the police department, obtained copies of the police report, asked others in Hillside, perhaps filed a FOIA[6] request, sought discovery, asked the Court for assistance, or done something in an attempt to learn the parties' identities. See e.g. Dziubek v. Cedar Glen Lakes, Inc., 2016 WL 3909536 (App. Div. 2016) (reversing leave to amend where plaintiff presented no evidence regarding her efforts before she filed the complaint that would have entitled her to resort to fictitious party practice); Cardona v. Data Sys. Computer Ctr., 261 N.J. Super. 232, 234-35 (App. Div. 1992) (affirming dismissal of complaint where plaintiff and his counsel failed to make an "easy and routine

---

[6]Freedom of Information Act, 5 U.S.C. § 552.

inquiry" to determine defendant's identity); Younger v. Kracke, 236 N.J. Super. 595 (Law Div. 1989) (leave to amend denied where plaintiff failed to make a call to the police or obtain the accident report which would have revealed the identities of the fictitious parties); Garvin v. City of Philadelpia, 354 F.3d 215 (3d Cir. 2003) (affirming earlier denial of leave to amend where plaintiff did not diligently seek to determine the identity of the arresting officer).

There is no indication of any effort by Plaintiffs to identify the officers. Arguably, absent the decade later fortuitous circumstance of seeing an unrelated article or two in a local publication online, Plaintiffs would never have identified the parties– if in fact they have actually identified the correct parties. There is also no explanation precisely how the Plaintiffs identified the officers 10 years later from the news articles. There simply has not been the necessary demonstration of diligence required to identify the Doe Defendants eleven years after the incident.

**(ii) Robert Rosenthal Assistant Union County Prosecutor), Stuart Peim (Judge, New Jersey Superior Court), his court clerk, Gail Ferranti, John F. Malone (Ret. Judge, New Jersey Superior Court), Richard Lehrich (Mrs. Brookman's former attorney)**

Plaintiffs seek leave to amend to add Robert Rosenthal, Assistant Union County Prosecutor, New Jersey Superior Court Judge Stuart Peim, his court clerk Gail Ferranti, New Jersey Superior Court Judge John F. Malone, Ret. (the judge who allegedly oversaw the civil guardianship of the elderly woman at the center of Mrs. Brookman's criminal charges), and Mrs. Brookman's former attorney, Richard Lehrich ("proposed parties"). Plaintiffs' claims against these proposed parties arise out of Mrs. Brookman's February

2012 criminal trial as well as out of the guardianship case presumably tangentially related to it. (CM/ECF No. 64-1, at Count 1 and Count 2 ¶¶ 3-6.) For the following reasons, leave to amend is denied on grounds of undue delay as described herein. The amendment is also denied for other reasons as set forth below, as well as futility.

Mrs. Brookman's criminal trial took place in 2012. Plaintiffs knew some six years ago of the wrongful actions they alleged to have been committed during the trial by the proposed parties. Indeed, Mrs. Brookman appealed her criminal conviction, which presumably may have included allegations of improprieties during the trial, which she now attempts to assert in this case, demonstrating without doubt that she was aware of the issues in 2012. To the extent Plaintiffs contend that this matter was stayed during the pending criminal case, the fact is the appeal of the criminal conviction was dismissed more than four years ago in July 2014. Plaintiffs have failed to advance any legitimate reason why they have not moved sooner for leave to add these claims. Such unexplained delay is a ground for denial of the motion to amend. See Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) (if delay places an unwarranted burden on the court or on the opposing party, then denial based on delay is appropriate).

Permitting leave to amend now would be severely prejudicial. Practically speaking, the new claims against the proposed new parties now are the equivalent of an entirely new action. In addition to the prejudice the newly added defendants would suffer, permitting these claims to be added now would also be burdensome and prejudicial to the Court and the existing Defendants. Indeed, discovery, motions, scheduling in what is basically a new and different case would unfairly delay the

9

administration of this 11-year-old case and deny the current Defendants a timely resolution on the merits.

The amendment is also denied on futility grounds. Plaintiffs claims against the proposed parties are futile for a multitude of reasons. First, Plaintiffs' proposed amended complaint contains broad allegations of impropriety influencing the outcome of the criminal trial. These conclusory allegations, without more, are insufficient to state a claim which would survive a motion to dismiss. The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"). In fact, with the exception of Judge Malone, the proposed amended pleading does not even identify or state precisely the causes of action they seek to assert against the proposed parties.[7] Simply stated, the proposed amended complaint lacks sufficient facts to satisfy the standard of pleading to state a claim and fails to specify the cause of action asserted. See Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For this reason, the allegations against the proposed parties fail to state a claim upon which relief can be granted.[8]

---

[7]For instance, the proposed amended complaint alleges one conclusory sentence against Lehrich that he did not act in Mrs. Brookman's best interest and that he was permitted to withdraw from the case over her objection. Is this a malpractice claim which would require an Affidavit of Merit in order to prosecute the claim? It is not clear. Overall, the proposed pleading lacks sufficient clarity to satisfy the standard of pleading to state a claim. See Iqbal, 556 U.S. 662 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[8]Plaintiffs' submissions in support of their motion indicate that they seek to include causes of action for negligent hiring, training and retention by Hillside PD and the Prosecutor's

Second, although it is unclear what claims Plaintiffs intend to plead by way of their amended complaint, the fact is any tort claims, civil rights violations, and malpractice claims would almost certainly be time-barred given the fact that Mrs. Brookman's criminal trial occurred more than six years ago and the applicable statute of limitations on most of these claims is two years, which has long passed.[9]

Third, the Court has already denied with prejudice Mrs. Brookman's claims for malicious prosecution. (CM/ECF Nos. 38 and 47.) While it is unclear exactly what claims Plaintiffs seek to assert against the proposed parties now, any claim for malicious prosecution is barred by the doctrine of collateral estoppel. See New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001) (the doctrines of issue preclusion and collateral estoppel operate to preclude relitigation of an issue that has been previously decided).

Fourth, any claims Plaintiffs seek to assert against Judge Piem, his staff, Judge Malone and Prosecutor Rosenthal are also most likely futile as the judiciary, its staff, and the prosecutor are entitled to absolute immunity. See Redmond v. Manfredi, 417 Fed. Appx. 111 (3d Cir. 2011) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)) ("It is a well-established principle that judges are absolutely immune from suits for damages under § 1983 when they act in a judicial capacity"); Van de Kamp v. Goldstein, 129 S.Ct.

---

Office. The proposed amended complaint, however, is devoid of any counts asserting such claims. The Court cannot grant Plaintiffs' request based on this record. The motion for leave to amend to assert these claims therefore is denied.

[9]Personal injury actions in New Jersey are governed by a two-year statute of limitations. N.J.S.A. 2A:14-2. Claims brought pursuant to § 1983 are subject to the limitations period for personal injury torts in the state in which the claim accrued. See Wallace v. Kato, 549 U.S. 384, 387 (2007).

855, 857 (2009) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 428 (1976) ("Prosecutors are absolutely immune from liability in § 1983 suits brought against prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process . . . .'")).[10]

**CONCLUSION**

In sum, it is not fair (and certainly not efficient) to add seven new defendants and new claims to this case where the other defendants have been in the case for more than nine years. Based on the above, Plaintiffs' motion to amend is **denied** in its entirety**.** For entire controversy purposes (assuming the doctrine would apply to this scenario), Plaintiffs are permitted to attempt to file a new complaint as a new action in the appropriate court against the identified parties which are the subject of this motion.[11]

|  |  |
|---|---|
|  | s/Mark Falk |
|  | **MARK FALK** |
| **Dated: September 12, 2018** | **United States Magistrate Judge** |

---

[10]Plaintiffs appear to argue that Rosenthal acted in an "investigatory capacity" and therefore is subject to liability for his alleged wrongdoing. (Pl.'s Br. at 2.) While it is possible that a prosecutor may not enjoy absolute immunity when he is not acting as "an officer of the court", any such exception would not apply here. Plaintiffs' allegations against Rosenthal are actions directly connected with a trial's conduct and therefore Rosenthal is entitled to absolute immunity from liability.

[11]This statement has no impact whatsoever on the appropriate limitations period or the legal viability of any such claims were Plaintiffs to attempt to bring a new action. Plaintiffs are *solely* responsible for determining the legal viability of any such claims.